**Roland O. BRYANT, Appellant**
**(Petitioner below),**

v.

**STATE of Indiana, Appellee**
**(Respondent below).**

No. 2–882A224.

Court of Appeals of Indiana,
Second District.

March 21, 1983.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Roland Bryant (Bryant) appeals the denial of his motion for jail time credit claiming the trial court denied him due process of law by retroactively applying *Simms v. State,* (1981) Ind.App., 421 N.E.2d 698, to deprive him of credit time previously awarded.

Bryant, by agreement, pleaded guilty to theft in Cause CR80–414B and was sentenced June 9, 1981 to a two-year executed term to be served consecutively with a two-year executed term for the offense of resisting a law enforcement officer in CR80–341B. He was awarded jail time credit against each of the two-year consecutive terms for the time he was confined while awaiting sentencing.

Upon the state's motion, a hearing was held June 18, 1981, at which an erroneous calculation of the number of days Bryant had been confined before sentencing was corrected. In addition, the court revised its sentencing order to disallow credit time for the two-year theft sentence because it was to be served consecutively to rather than concurrently with the two-year term for resisting an officer. Bryant filed a motion seeking reinstatement of his jail time credit against the sentence for theft. After hearing and denial of his motion, Bryant brought this appeal.

*Simms v. State,* which was decided after Bryant's original sentencing, interpreted I.C. 35–50–6–3 (Burns Code Ed., Repl. 1979).[1] Based upon legislative intent, the *Simms* court held that where a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, the statute entitles him to receive credit time applied against each separate term. However, where he receives consecutive terms he is only allowed credit time against the total or aggregate of the terms.

Judge Miller, in *Simms,* acknowledged the decision was the first interpreting I.C. 35–50–6–3 as it applies to a defendant sentenced to consecutive terms. 421 N.E.2d at 702. Bryant argues, therefore, by analogy to the United States and Indiana constitutional prohibitions against ex post facto legislation, that the trial court applied a "new" judicial interpretation of the statute to him retroactively, denying him due process. Bryant contends the interpretation is "new" because the decision in *Simms* contradicts the *trial court's* previous practice in regard to credit time calculations and because it is at odds with our supreme court's interpretation of credit time calculations under the predecessor statute, I.C. 35–8–2.5–2 (Burns Code Ed.1975) (repealed by Acts 1978, P.L. 2, § 3555, effective March 9, 1978).

■ Constitutional provisions against ex post facto laws apply only to enactments by legislative bodies. *Marks v. United States,* (1977) 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260; *Sumpter v. State,* (1976) Ind., 264 Ind. 117, 340 N.E.2d 764. A judicial construction of a criminal statute in effect at the time of the commission of the offense in question is not a violation of the ex post facto provisions.[2] Nonetheless, we recognize the principle underlying the ex post facto prohibition may limit the retroactive application of judicial decisions interpreting statutes. *Bouie v. City of Columbia,* (1964) 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894. As explained by the United States Supreme Court in *Bouie,* a judicial construction so unexpected as to deny fair warning of what *conduct* is criminal can deny a defendant due process if applied to him retroactively. *Id.* The fundamental concept underlying the prohibition of retroactivity, whether by way of the due process clause or the prohi-

---

1. I.C. 35–50–6–3(a) provides "A person assigned to class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."

2. A defendant must be tried and sentenced according to the law in force at the time of his commission of the crime. *Parsley v. State,* (1980) Ind., 401 N.E.2d 1360, *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79; *Bonner v. State,* (1979) Ind., 392 N.E.2d 1169. The record presented us does not show when Bryant committed the crimes about which this appeal is concerned. However, all parties have treated I.C. 35–50–6–3, enacted in 1978, as applicable.

bition against ex post facto laws, is that of fair notice to the defendant at the time he acts that his behavior is deemed criminal.

The *Bouie* case is inapposite here. The trial court's application of the *Simms* decision to Bryant's sentencing did not in any way deny him fair warning his conduct was criminal. However, Bryant argues the ex post facto prohibition would prevent a legislative change in the sentencing and credit time laws from being applied to him retroactively to his detriment "if the statute provides for an increase in punishment or deprives appellant of a possible avenue of lesser punishment." *Warner v. State,* (1976) 265 Ind. 262, 267, 354 N.E.2d 178, 182 (citations omitted) (statute excluding certain defendants from consideration for treatment as sexual deviants). Therefore, he contends, the application of the *Simms* decision to him cannot be permitted because the courts may not change retroactively by decision what the legislature is prohibited from changing by enactment.

Whether or not Bryant's argument may have merit in other circumstances we do not accept it here for one of his premises is faulty. The *Simms* decision did not *change* the law, I.C. 35–50–6–3, regarding credit time calculations. Therefore, the due warning principle of the ex post facto prohibition and the due process clause is simply not an issue.

*Simms* was the first decision to interpret I.C. 35–50–6–3 as applied to consecutive sentences. Therefore, *Simms* was not a judicial repudiation of an earlier narrow construction of a statute upon which Bryant may claim to have relied. *See Marks v. United States,* (1977) 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260; *United States v. Goodheim,* (9th Cir.1981) 651 F.2d 1294. *See also Swank v. Tyndall,* (1948) 226 Ind. 204, 78 N.E.2d 535 (repudiation of long-standing judicial interpretation of constitution); *Berry v. State,* (1974) 162 Ind.App. 626, 321 N.E.2d 207 (repudiation of previous judicial-

ly announced rule of criminal procedure). Further, even if we were persuaded by Bryant's assertion that *Simms* contradicted the practice of the trial court, we do not deem the unsubstantiated "practice" of a single trial court to constitute the type of long-standing implied construction of a statute on which Bryant might be entitled to rely. *See Bailey v. Holley,* (7th Cir.1976) 530 F.2d 169, *cert. denied,* 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116 (interpretation of constitution; thirty year policy of Board of Parole).

■ Additionally, the *Simms* decision's interpretation of our credit time law cannot be classified as maverick for, as the decision illustrates, it follows the established federal interpretation of credit time calculation. 421 N.E.2d at 702–03. Although not in themselves binding precedent, cases from another jurisdiction may well give reason to expect a statute will be given a certain construction. *Knutson v. Brewer,* (8th Cir. 1980) 619 F.2d 747, 751.

Further, contrary to Bryant's assertion, the decision in *Simms* is not in contravention of Indiana Supreme Court decisions under the previous statute regarding credit time calculations. I.C. 35–8–2.5–2 (repealed 1978). The cases cited by Bryant, *Owen v. State,* (1979) Ind., 396 N.E.2d 376, and *Franks v. State,* (1975) 262 Ind. 649, 323 N.E.2d 221, simply hold that under the previous statute a defendant's pretrial or presentence confinement as a result of two separate charges is applicable as credit time against each *concurrent* sentence. That procedure, which has no relevance to consecutive terms, has not been changed under the current statute. *See Dolan v. State,* (1981) Ind.App., 420 N.E.2d 1364. The combined effect of *Dolan* and *Simms* is to interpret I.C. 35–50–6–3 as operating precisely as did its predecessor statute although the language of the two statutes is concededly different.[3]

---

**3.** We admit to being troubled by the vagueness of the language of I.C. 35–50–6–3 and the lack of any reference to consecutive and concurrent terms. However, we believe the generality of the statute may be the result of a legislative

endeavor to combine the concepts of presentence credit and good behavior credit into a single statutory scheme. *Compare* I.C. 35–50–6–3 to –5 (Burns Code Ed., Repl.1979) *with* I.C. 35–8–2.5–1 to –5 (Burns Code Ed.1975) (re-

■ Underlying our opinion upholding the method used to recalculate Bryant's credit time is the general rule that a judicial interpretation of legislative intent does not make "new" law but construes the law as it has been from the point of enactment. *See e.g., Strauss v. United States,* (7th Cir. 1975) 516 F.2d 980; *Brough v. United States,* (7th Cir.1971) 454 F.2d 370; *Gross v. Board of Comm'rs.,* (1902) 158 Ind. 531, 64 N.E. 25. Just as exceptions have been readily made where judicial construction of a statute changes the law as relied on so as to deprive one of vested contract rights, *e.g., Haskett v. Maxey,* (1893) 134 Ind. 182, 33 N.E. 358, exceptions to the rule are also made in the area of criminal law where the judicial interpretation, if applied to a defendant, would deprive him of due process because he lacked sufficient notice. *Bouie,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894; *Goodheim,* 651 F.2d 1294. However, for the reasons stated above, we hold that Bryant has not presented us with such a case.

Lastly, although not argued by Bryant, we are cognizant that some courts have recently applied to judicial interpretation of statutes the test originally developed to determine whether a judicial interpretation of a constitutional provision should be applied retroactively. *Lawary v. United States,* (7th Cir.1979) 599 F.2d 218; *Bailey v. Holley,* (7th Cir.1976) 530 F.2d 169. *See also Berry v. State,* (1974) 162 Ind.App. 626, 321 N.E.2d 207 (test used regarding rule of criminal procedure not based on constitutional grounds). *But see Brough v. United States,* (7th Cir.1971) 454 F.2d 370. The criteria are:

   a) the purpose to be served by the new standards,

   b) the extent of reliance by law enforcement authorities on the old standards, and

   c) the effect on the administration of justice of a retroactive application of the new standards.

*Stovall v. Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Our first problem with such an analysis is we are unconvinced *Simms* sets forth "new" standards. Nevertheless, the purpose of the statutory interpretation set forth in *Simms* is one of constitutional importance, *i.e.,* circumventing potential equal protection problems which may arise if presentence confinement results from a defendant's inability to post bail. 421 N.E.2d at 702 (citing *Brown v. State,* (1975) 262 Ind. 629, 322 N.E.2d 708).

To apply the second criterion to Bryant's case where application of the judicial interpretation would be to his detriment, we must alter it to reflect reliance by Bryant rather than law enforcement authorities. Bryant has failed to convince us, for the reasons discussed earlier, that his reliance on an unsubstantiated practice of a trial court as a prior interpretation of a statute rises to the level deserving protection under the due process clause. We are unpersuaded the trial court's resentencing of Bryant in accordance with I.C. 35–50–6–3 deprived Bryant, at the time he acted, of either fair warning his conduct was criminal or fair warning of the punishment he was thereby liable to receive.

Turning to the third criterion, *Simms* merely articulates the statutory interpretation intended by the legislature at the time of enactment of I.C. 35–50–6–3. Therefore, because Bryant has failed to show any previous contradictory judicial or implicit interpretation, other than the bare reference to the "practice" of the trial court, we agree with the concluding statement of Bryant's reply brief insofar as it expresses the belief a case such as Bryant's will occur only rarely.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

pealed), I.C. 11–7–5–1 to –3 (Burns Code Ed. 1973) (repealed) and I.C. 11–7–6.1–1 to –8 (Burns Code Ed.Supp.1977) (repealed).