Donald DeBRUHL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A02–8812–CR–472.

Court of Appeals of Indiana,
Second District.

Oct. 10, 1989.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Donald DeBruhl appeals his convictions of count I, rape, a class B felony,[1] count II, criminal deviate conduct, a class B felony,[2] counts III and IV, child molesting, class C felonies,[3] and count V, child molesting, a class D felony.[4]

We affirm in part and reverse in part.

## ISSUES

Restated, the issues raised by DeBruhl are:

1. Whether the trial court erred in granting the State's motion in limine;

2. Whether DeBruhl's multiple convictions violate the prohibition against double jeopardy;

3. Whether there is sufficient evidence to support the convictions; and

4. Whether DeBruhl received ineffective assistance of counsel.

## FACTS

On the morning of January 4, 1988, DeBruhl, an adult, pinned E.W., his girlfriend's fourteen-year-old daughter, to the living room floor and kissed her neck. He then dragged her by her wrists to his bedroom. Again pinning E.W. to the floor, DeBruhl resumed kissing her neck. He then removed E.W.'s clothing and forced her to perform fellatio, submit to cunnilingus, and engage in sexual intercourse. After the assault E.W. sought assistance from a neighbor, who telephoned the police. An examination of E.W. at a local hospital revealed her wrists and cheek were red, her lower lip was swollen, her abdomen was scratched, and her perineum was slightly torn. Tests revealed the presence of sperm in her vagina and on her underpants.

The information filed against DeBruhl, in pertinent part, states:

... that Donald L. DeBruhl on or about the 4th day of January; A.D. 1988 ...

COUNT I

did knowingly or intentionally have sexual intercourse with [E.W.], a member of the opposite sex, when [E.W.] was compelled by force or imminent threat of force, ...

COUNT II

... did knowingly or intentionally cause [E.W.] to perform or submit to deviate sexual conduct, an act involving a sex organ of one person and the mouth or anus of another, when [E.W.] was compelled by force or imminent threat of force to submit to such deviate sexual conduct, ...

COUNT III

... did perform or submit to sexual intercourse with [E.W.], a child who was at least twelve (12) years of age, but under the age of sixteen (16) years of age, ...

COUNT IV

... did perform or submit to deviate sexual conduct, an act involving a sex organ of one person and the mouth or anus of another with [E.W.], a child who was at least twelve (12) years of age, but under the age of sixteen (16) years of age, ...

COUNT V

... did perform or submit to fondling or touching with [E.W.], a child who was then at least twelve (12) years of age, but under sixteen (16) years of age, with intent to arouse or satisfy

1. IC 35–42–4–1(a) (1988).

2. IC 35–42–4–2 (1988).

3. IC 35–42–4–3(c) (1988).

4. IC 35–42–4–3(d) (1988).

the sexual desires of DONALD L. DE-
BRUHL, ...

Record at 6–7.

DeBruhl appeals his convictions on these five counts.

## DISCUSSION

### I.

Before DeBruhl's bench trial, the trial court granted the State's motion in limine to preclude evidence inadmissible under IC 35–37–4–4 (1988), the rape shield statute. He claims this ruling constitutes error because his trial was to the bench and because it denied him his constitutional right to introduce evidence of the past sexual conduct, behavior, reputation, and credibility of E.W. and other State's witnesses.

■ Although a motion in limine is improper in a bench trial, it is not cause for reversal unless it results in prejudice to the motion's opponent. *Beta Alpha Shelter v. Strain* (1983), Ind.App., 446 N.E.2d 626, 629, *transfer denied.* DeBruhl fails to make this showing.

■ DeBruhl argues the ruling erroneously precluded evidence of past sexual conduct or behavior of the State's witnesses, including E.W.; opinion evidence of the credibility and honesty of these same witnesses; evidence of alleged acts of dishonesty or misconduct of E.W.; and testimony of children presently in contact with him. However, DeBruhl fails to show this alleged evidence is admissible. There is no claim the alleged evidence of E.W.'s past sexual conduct or behavior falls within the limited exceptions of IC 35–37–4–4; any other evidence of past sexual conduct or behavior of witnesses is inadmissible. Opinion evidence on a witness's credibility and honesty and evidence of alleged specific acts of dishonesty and misconduct is inadmissible. *State v. Perkins* (1983), Ind. App., 444 N.E.2d 878, 879 ("an individual's opinion based upon his own experience concerning an individual's truthfulness is objectionable."); *Turpin v. State* (1982), Ind., 435 N.E.2d 1, 4 ("a witness may not be impeached by proof of particular extraneous acts of misconduct, which are not re-

duced to convictions."). DeBruhl also fails to making any showing of the relevancy of testimony of children presently in contact with him.

Therefore, while the motion in limine was improvidently sustained, the ruling does not constitute reversible error because it did not prejudice DeBruhl.

### II.

■ DeBruhl next claims his several convictions violate the constitutional protection against double jeopardy. We agree in part. His convictions and sentencings for both counts I and III result in double punishment for the same act.

The evidence reveals that DeBruhl's conviction of count I, rape, and count III, child molesting by engaging in sexual intercourse, are based on a single act of intercourse. In *Kizer v. State* (1986), Ind., 488 N.E.2d 704, 708, our supreme court held that the offenses of rape and child molesting, as defined by the legislature, prohibit nonconsensual sexual intercourse and thus are not substantively different although procedurally they are proven differently. That is the same situation here. Only one act of intercourse occurred; therefore, only one conviction and sentence can stand.

■ DeBruhl also argues that the protection against double jeopardy requires the reversal of his conviction for deviate sexual conduct, count II, and for child molesting by performing deviate sexual conduct, count IV. We disagree.

A defendant may be charged with as many counts of rape, criminal deviate conduct or child molesting, as there are separate acts committed. Obviously, the separate acts are not the same offense. Here the two charges result from two separate acts. E.W., under the age of sixteen, testified DeBruhl forcibly performed cunnilingus on her and also compelled her to perform fellatio on him. These separate acts of cunnilingus and fellatio support his convictions of counts II and IV respectively.

Finally, DeBruhl claims his conviction of count V, child molesting by touching or

fondling, is prohibited because it is an offense included in the child molesting offenses charged in counts III and IV. This argument is mooted by our reversal of DeBruhl's conviction of count V in Issue III.

## III.

DeBruhl argues the evidence was insufficient to support his convictions because E.W.'s testimony was inherently unbelievable and contradictory. However, DeBruhl fails to recite or identify that evidence which he claims is incredibly dubious or inconsistent. In any event, our review of the record fails to reveal any incredibly dubious testimony. There are inconsistencies but they are of such a nature that they fall within the factfinder's responsibility to resolve.

Our review of the record also reveals evidence from which a reasonable factfinder could conclude DeBruhl committed either rape, count I, or child molesting, count III, and criminal deviate conduct, count II, and child molesting, count IV.

E.W. unequivocally testified that DeBruhl pinned her to the living room floor while kissing her neck, dragged her to the bedroom where he again kissed her neck, removed her clothing then forced her to perform fellatio and submit to cunnilingus and sexual intercourse. Her uncorroborated testimony alone would be sufficient to sustain DeBruhl's convictions if they are otherwise appropriate. In addition, there is the corroborative evidence that E.W. recently was injured and had sexual intercourse. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054.

However, that evidence is insufficient to sustain DeBruhl's conviction of count V. The record is devoid of any evidence from which a factfinder could reasonably conclude that DeBruhl either removed E.W.'s clothing or kissed her neck with the intent to thereby gratify his sexu-

al desires. The intent to gratify required by the statute must coincide with the conduct; it is the purpose or motivation for the conduct. Here, a reasonable factfinder could conclude only that DeBruhl kissed E.W.'s neck and removed her clothing to facilitate his eventual sexual gratification by subsequent sexual conduct rather than to achieve sexual gratification from the kissing and clothing removal itself. Therefore, DeBruhl's conviction of count V must be reversed.

## IV.

DeBruhl claims he was denied effective assistance of trial counsel. To prevail on this issue, DeBruhl must show his counsel's performance was deficient or unreasonable and that he was so prejudiced by his attorney's unreasonable performance that he was denied a fair trial. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294. In making this showing, DeBruhl must overcome the presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable care. Isolated bad tactics do not necessarily amount to ineffective assistance of counsel. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201.

DeBruhl complains that his trial counsel failed to question defense witnesses about the contents of their separate and several written affidavits which were excluded from the evidence upon the State's objection.[5] We disagree. A review of the various affidavits and the testimony of the respective affiants reveals the subject matter of the affidavits was either otherwise in evidence, cumulative, violative of the rape shield statute, a recital of specific acts of misconduct, or irrelevant and immaterial. Therefore, this asserted conduct is not unreasonable.

Secondly, DeBruhl claims his counsel's performance was deficient in that his counsel did not subpoena a necessary witness for trial and further failed to request

---

5. DeBruhl also asserts his counsel failed to make an offer to prove the content of the affidavit. Error, if any, in the exclusion of a documentary evidence is adequately preserved by leaving the refused and identified exhibit in the custody of the court reporter for inclusion in the record. This was done here. Therefore, there is no merit to this asserted deficiency.

an order from the court requiring the witness to appear. In fact, the record as cited by DeBruhl reveals that his counsel did issue a subpoena for the potential witness which could not be served. There is nothing in the record indicating why service was not had. It will not be assumed it was due to any deficiency by counsel. Of course, without service, a court order would not issue. Therefore, this asserted deficiency of counsel is not supported by the record. Further, had it existed, the deficiency could not be prejudicial because the so-called necessary witness's testimony, as reflected in excluded exhibit K, would be inadmissible for the same reasons the testimony of other affiants was properly excluded.

Next, DeBruhl claims his counsel deficiently failed to file a timely written notice that DeBruhl proposed to offer evidence otherwise prohibited by the rape shield statute, IC 35-37-4-4 (1988). The record is devoid of any showing that any evidence existed that could be admitted upon IC 35-37-4-4(b),[6] (c) and (d). Without any such evidence, counsel's performance was not deficient; nor, of course, was DeBruhl prejudiced by the omission.

■ DeBruhl also claims his trial counsel failed to advise him of the subject of the testimony of the State's witness, Darlene DeBruhl, and further failed to cross-examine her as to her competency vis-a-vis her confinement in a mental hospital. The record does not support DeBruhl's claim that his counsel was unaware of or surprised by Darlene's testimony. DeBruhl's argument is not supported by the record.

Also, DeBruhl's counsel's decision not to cross-examine Darlene is a tactical one that this court will not second guess. Considering the sensitive nature of Darlene's testimony (that she had been sexually molested by DeBruhl and that it still was causing her considerable problems), the decision not to examine Darlene concerning her mental condition is not unreasonable. In any event, the evidence would have served only to attack her credibility and other evidence of that nature is in the record. Again, the conduct of DeBruhl's counsel was neither unreasonable nor prejudicial.[7]

Each of the foregoing claims of ineffective assistance of counsel are without merit because the counsel's performance was not unreasonable or, if deficient, was not prejudicial or both. Viewing the claims cumulatively, we reach the same conclusion.

## CONCLUSION

Judgment on counts II and IV are affirmed; judgment on V is reversed. The cause is remanded with instructions to vacate the judgment on count I or count III after which the judgment on the remaining count is affirmed.

STATON and SULLIVAN, JJ., concur.

---

6. IC 35-37-4-4(b) (1988) reads:
(b) Notwithstanding subsection (a), evidence:
(1) Of the victim's or a witness's past sexual conduct with the defendant;
(2) Which in a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded; or
(3) That the victim's pregnancy at the time of trial was not caused by the defendant; may be introduced if the judge finds, under the procedure provided in subsection (c) of this section, that it is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

7. DeBruhl also recites as evidence of his counsel's deficient performance certain testimony of defense witness Christina DeBruhl, elicited on cross-examination; counsel's objection to certain parts of Darlene DeBruhl's testimony; and counsel's efforts to elicit testimony concerning DeBruhl's depth of sleep. However, DeBruhl fails to develop any contentions concerning those recitations and, therefore, they will not be considered. In any event, the impact of Christina's testimony on cross-examination was negated by the earlier testimony of Darlene; Darlene's testimony relating to her sexual abuse by DeBruhl was admissible under the depraved sexual instinct exception, and whether DeBruhl was a deep sleeper is of doubtful relevance.