**James A. NUERGE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A05–9605–CR–204.

Court of Appeals of Indiana.

March 13, 1997.

Transfer Denied May 14, 1997.

Steven Knecht, Vonderheide & Knecht, Lafayette, for Appellant–Defendant.

Pamela Carter, Attorney General, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

SHARPNACK, Chief Judge.

James A. Nuerge appeals his conviction for child molesting, a class C felony. Nuerge raises the following two issues for our review: (1) whether the evidence is sufficient to support the conviction, and (2) whether defense counsel was ineffective. In addition, we find *sua sponte* fundamental error with Nuerge's conviction and sentence under the wrong version of the child molesting statute, Ind.Code § 35–42–4–3. We affirm in part, reverse in part, and remand with instructions.

The record establishes that on June 4, 1994, a group of people went on a floating trip on the Tippencanoe River in Lafayette. The group included Nuerge, Violet Graham, Gordy Holtsclaw, Kelly Page, Mary "Angel" Templeton, and Templeton's twelve year old daughter, A.T. After the trip, the group returned to Graham's house to eat dinner and to sing songs. Templeton, A.T., and Nuerge slept at Graham's house. A.T. slept in an extra bedroom, while Templeton and Nuerge slept on couches in the living room.

During the night, A.T. woke to the sound of the bedroom door opening. She noticed Nuerge lying on the bed. Nuerge put his hand on A.T.'s leg and began kissing the inside of her upper thigh. Nuerge moved his hand inside the bottom of A.T.'s shorts. When A.T. told Nuerge to get out of the bedroom, Nuerge asked, "You don't want to do this?" Record, pp. 118. After A.T. rejected him, Nuerge left the bedroom.

A.T. did not immediately report the incident. A.T. felt she would not be believed because her mother and Graham were long time friends of Nuerge. Sometime after the incident, Nuerge went to Templeton's house to drive her to work. Nuerge later returned to the house where A.T. was alone. Nuerge asked A.T. whether she "had told anybody about that." Record, p. 123. When A.T. responded that she had not told anyone, Nuerge stated, "well, keep it that way." Record, p. 123.

On April 1, 1995, A.T. told Graham's daughter, Traci, about the incident. The next day, Traci told Graham and Templeton about what A.T. had stated.

On September 22, 1995, the State charged Nuerge with child molesting, a class C felony, pursuant to I.C. § 35–42–4–3(b) (Supp. 1996). On December 7, 1995, after a trial, the jury found Nuerge guilty as charged. On February 28, 1996, the trial court sentenced Nuerge to six years, with two years suspended.

**I.**

Although not raised by Nuerge, we find fundamental error in Nuerge's conviction and sentencing under the version of I.C. § 35–42–4–3(b) as amended in July of 1994. This amendment was not in effect at the time Nuerge committed the acts alleged.

The constitutional prohibitions against *ex post facto* criminal sanctions, U.S.

Const. art. 1, § 10; Ind. Const. art. 1, § 24, require that criminal proceedings be governed by the statutory provision in effect at the time of the offense. *Mudd v. State,* 483 N.E.2d 782, 785 (Ind.Ct.App.1985). The fundamental concept underlying the prohibition against *ex post facto* laws is that of fair notice to the defendant at the time he acts that his behavior is deemed criminal. *Bryant v. State,* 446 N.E.2d 364, 366 (Ind.Ct. App.1983). "[T]he offender selects the time of the crime and thus freezes the penal consequences as of that event." *Mudd,* 483 N.E.2d at 785 (citing *Parsley v. State,* 273 Ind. 46, 401 N.E.2d 1360 (1980), *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79).

In June of 1994, the child molesting statute in effect provided as follows:

"(b) A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony....

\* \* \* \* \*

(d) A person sixteen (16) years of age, or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to any fondling or touching, or either the child of the older person, with intent to arouse or satisfy the sexual desires of either the child or the older person, commits child molesting, a Class D felony."

I.C. § 35–42–4–3 (Burns 1994) (hereinafter "the 1994 statute.") In March of 1994, the legislature passed Public Law 79–1994, an amendment to the child molesting statute. The amendment, effective July 1, 1994, provided that "A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony." I.C. § 35–42–4–3(b) (Supp.1996) (hereinafter "the amended statute.") The amended statute essentially merged the former I.C. §§ 35–42–4–3(b), (d) into one section by eliminating the class D felony designation and by enacting a new age restriction for the child victim.

On September 22, 1995, the State filed its information for child molesting, alleging:

"On or about June, 1994, ... James A. Nuerge, did perform fondling of or submit to touching by [A.T.], *a child under fourteen (14) years of age,* with the intent to arouse or satisfy the sexual desires of James A. Nuerge or [A.T.];

All of which is contrary to the form of the statute in such cases made and provided, to wit: Indiana Code 35–42–4–3(b) and against the peace and dignity of the State of Indiana."

Record, p. 8 (emphasis added). Although the State alleged Nuerge committed the acts in June of 1994, the State charged in the language of the amended statute which did not go into effect until July 1, 1994.

The trial court also instructed the jury using the amended statute. During the preliminary and final instructions, the trial court instructed the jury in part that "[t]he statute defining the offense of Child Molesting which was in force at the time of the offense charged ... [provides]: A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching...." Record, pp. 28, 45.

■ Nuerge was charged and brought to trial on an information which mistakenly tracked the language of the amended statute. As a result, the jury found Nuerge guilty of conduct which did not constitute a class C felony at the time he committed the acts. The State should have charged Nuerge with a class D felony under subsection (d) of the 1994 statute for touching and fondling a child twelve or older but under sixteen; the trial court should have similarly instructed the jury using the 1994 version of the statute.

The application of the amended statute to conduct which occurred prior the effective date of the amendment violated the constitutional proscription against *ex post facto* laws. *See Phillips v. State,* 518 N.E.2d 1129, 1130 (Ind.Ct.App.1988) (holding that to apply the amended statute containing an additional definition of sexual deviate conduct to defendant's conduct which occurred prior to the

enactment would violate proscription against *ex post facto* laws.) Therefore, the trial court committed fundamental error and, as a result, we must reverse the class C felony child molesting conviction.

■ We next consider what follows from this reversal. Generally, we may order a modification of a conviction judgment to that of a lesser included offense because of an insufficiency of evidence on a particular element of the crime. *Nunn v. State*, 601 N.E.2d 334, 339 (Ind.1992) (reducing murder to the lesser included offense of involuntary manslaughter because evidence held insufficient to support the intent to kill element required under murder statute); *Gilliam v. State*, 508 N.E.2d 1270, 1271 (Ind.1987) (reducing defendant's conviction for attempted burglary to lesser included offense of attempted criminal trespass because the evidence found insufficient to support the intent to commit a felony at the time of entry element of burglary charge), *reh'g denied, trans. denied.*

Although the conviction here is not erroneous because the evidence is insufficient on a particular element, the rationale behind modifying the judgment in such cases is equally applicable to this case. More than thirty years ago, our supreme court reasoned that where the evidence is sufficient to prove the lesser included offense but is insufficient to prove a particular element of the greater offense, the court may modify the judgment and conviction to the lesser offense because:

> "All other elements constituting the [lesser included offense] have been proved to the satisfaction of the finder of facts. It seems to us that public justice is best served by avoiding a second trial over facts already found where a fair trial has taken place. If error had occurred therein which prejudiced the accused so that the trial was

unfair, the appellant would, of course, be entitled to a new trial."

*Ritchie v. State*, 243 Ind. 614, 189 N.E.2d 575, 579 (1963) (holding that conviction for rape should be reduced to lesser included offense of assault and battery with intent because there was a failure of proof on the penetration element of rape.)

■ Similarly, in this case the jury has already determined the key elements of the offense of child molesting by fondling or touching with the requisite intent. Both the 1994 statute and the amended statute prohibit a person from performing or submitting to any fondling or touching of either the child or the person with the intent to arouse or satisfy the sexual desires of either the child or the person. The two primary distinctions between the 1994 statute and the amended statute are the age of the child and the penalty. Under the 1994 statute, a person must engage in such conduct with a child twelve or older but less than sixteen to commit a class D felony, I.C. § 35–42–4–3(d) (Burns 1994), while under the amended statute, the person must engage in such conduct with a child under fourteen to commit a class C felony, I.C. § 35–42–4–3(b) (Supp.1996).

The guilty verdict supports the conclusion that the jury found sufficient evidence to support such conduct irrespective of A.T.'s age. Nuerge did not contest A.T.'s age such that it affected the application of either statute.[1] It seems to us to be in the public's interest not to remand this case for a new trial when the jury has already determined the essential facts of the molest. Further, the principal concept underlying the prohibition against *ex post facto* laws is to provide notice to the defendant that his acts at the time he commits them are deemed criminal. *Bryant*, 446 N.E.2d at 364. In this case, the information charged Nuerge with committing child molest by fondling or touching A.T. in

1. In fact, during opening statements the prosecutor argued that Nuerge committed the acts against A.T. when she was twelve years old. In response, defense counsel stated that "[b]asically the only dispute with regard to what [the prosecutor] was saying in her opening statement, my understanding, at least from the date of birth provided [to] me of June 8, 1981 is that [A.T.] would have been thirteen by my calculation, it doesn't have legal significance...." Record, p.

75. From defense counsel's opening statement, we can discern that Nuerge did not contest that A.T. was under fourteen because he claimed only that she was thirteen rather than twelve at the time of the alleged molest. Accordingly, we can reasonably presume that Nuerge would not have contested that A.T. was twelve or older but younger than sixteen had the State properly charged Nuerge pursuant to the 1994 statute.

June of 1994. The information set forth the nature of the criminal charge, the alleged victim of the acts, and the date on which the acts occurred. Nuerge cannot seriously dispute that he was put on notice as to the criminal conduct charged. Finally, given that Nuerge did not challenge A.T.'s age at the time of the crime, we hold that the conviction and judgment should be modified rather than remanding this cause for a new trial.

Accordingly, we reverse the class C felony child molesting conviction and remand to the trial court with instructions to enter a judgment and sentence for child molesting, a class D felony, pursuant to I.C. § 35–42–4–3(d) (Burns 1994).

### II.

■ Next, we address Nuerge's claim that the evidence is insufficient to support the intent element of child molesting. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Vest v. State,* 621 N.E.2d 1094, 1095 (Ind. 1993). Rather, we look to the evidence favorable to the verdict, along with any inferences reasonably drawn therefrom. *Id.* If there is evidence of probative value from which a reasonable trier of fact could infer that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Id.*

■ Mere touching alone is not sufficient to constitute the crime of child molesting. *J.H. v. State,* 655 N.E.2d 624, 625 (Ind. Ct.App.1995), *trans. denied.* The State must also prove beyond a reasonable doubt that the act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Id.* The intent element of child molesting may be established by circumstantial evidence and may be inferred "from the actor's conduct and the natural and usual sequence to which such conduct usually points." *Pedrick v. State,* 593 N.E.2d 1213, 1220 (Ind. Ct.App.1992), *reh'g denied.*

Nuerge relies on *DeBruhl v. State,* 544 N.E.2d 542 (Ind.Ct.App.1989), in support of his argument that the State proved only a "mere touching". In *DeBruhl,* the defendant pinned a fourteen year old child to the floor, kissed her neck, and removed her clothing. The defendant then forced the child to perform and submit to oral sex. Eventually, the defendant forced the child to have sexual intercourse. The State charged the defendant with rape, sexual deviate conduct, and various counts of child molesting. One of the child molesting charges, count V, stated in part as follows: "[the defendant] did perform or submit to fondling or touching with [E.W.], a child who was then at least twelve (12) years of age, but under sixteen (16) years of age, with intent to arouse or satisfy the sexual desires of [defendant]." *DeBruhl,* 544 N.E.2d at 544–545. The defendant was convicted of all five counts.

The defendant appealed, challenging the sufficiency of the evidence. Although we found that a reasonable jury could have concluded that the defendant committed rape, criminal deviate conduct, or the other counts of child molesting,[2] we found that the evidence was insufficient to support a conviction on count V. In support of our holding, we reasoned:

> "The record is devoid of any evidence from which a factfinder could reasonably conclude that DeBruhl either removed E.W.'s clothing or kissed her neck with the intent to thereby gratify his sexual desires. The intent to gratify required by the statute must coincide with the conduct; it is the purpose or motivation for the conduct. Here, a reasonable factfinder could conclude only that DeBruhl kissed E.W.'s neck and removed her clothing to facilitate

2. The other two child molesting counts provided in part that:
   "COUNT III
   ... [the defendant] did perform or submit to sexual intercourse with [E.W.], a child who was at least twelve (12) years of age, but under the age of sixteen (16) years of age,
   ...

   COUNT IV
   ... [the defendant] did perform or submit to deviate sexual conduct, an act involving a sex organ of one person and the mouth or anus of another with [E.W.], a child who was at least twelve (12) years of age, but under the age of sixteen (16) years of age, ...."
   *DeBruhl,* 544 N.E.2d at 544.

his eventual sexual gratification by subsequent sexual conduct rather than to achieve sexual gratification from the kissing and clothing removal itself."

*Id.* at 546.

One could interpret *DeBruhl* for the proposition that where a defendant touches a child and removes her clothing and this conduct escalates to rape or other acts of a sexual nature, the clear intent to commit the latter acts for the purpose of sexual gratification leads to the conclusion that the initial acts were not done with the intent to satisfy sexual desires. The case should not be extended to mean that under no circumstances can acts such as the initial acts be done with the intent to satisfy sexual desires. As a result, we are not persuaded by Nuerge's suggestion that the evidence is his case is insufficient merely because it is even "less evidence of sexual intent" than those acts held insufficient in *DeBruhl*.[3]

■ The facts most favorable to the judgment show that Nuerge put his hand on A.T.'s leg and kissed the inside of her upper thigh. Nuerge then moved his hand inside the bottom of A.T.'s shorts. When A.T. rejected him, Nuerge stated, "You don't want to do this?" Record, p. 118. Because the inner thigh is in close proximity to the genitals, an erogenous zone, it may itself be the source of sexual gratification. Further, a factfinder could have reasonably inferred from Nuerge's statement, "You don't want to do this," that "this" referred to kissing the child in such a manner. It could also have been inferred from the statement that Nuerge intended to arouse A.T.'s sexual desires. Again, the intent element may be inferred from the natural and usual sequence to which the defendant's conduct usually points. *Pedrick*, 593 N.E.2d at 1220. The natural and usual sequence to which

Nuerge's conduct points is that he intended to satisfy his or A.T.'s sexual desires by kissing the child's inner thigh and placing his hand inside the bottom of her shorts. Therefore, we hold that the evidence is sufficient to support the jury's finding that Nuerge fondled or touched A.T. with the specific intent to arouse or satisfy sexual desires.

### III.

■ The third issue for our review is whether defense counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's failure to function was so prejudicial as to deprive appellant of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 690–692, 104 S.Ct. 2052, 2066–2067, 80 L.Ed.2d 674 (1984); *Averhart v. State*, 614 N.E.2d 924, 930 (Ind.1993), *reh'g denied.* When confronted by an ineffective assistance of counsel claim, we strongly presume "that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable, professional judgment." *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind.1992), *reh'g denied.* An unsuccessful defense strategy does not always indicate that the strategy was a poor one, nor does it indicate ineffectiveness of counsel. *Fugate v. State*, 608 N.E.2d 1370, 1373 (Ind.1993). When an appellant predicates an ineffective assistance of counsel claim on counsel's failure to object, the appellant must demonstrate that a proper objection would have been sustained by the trial court. *Grigsby v. State*, 503 N.E.2d 394, 396 (Ind.1987).

Nuerge contends that defense counsel made several errors which denied him effective assistance of counsel. These alleged

---

3. Nuerge also relies on *McCoy v. State*, 574 N.E.2d 304 (Ind.Ct.App.1991). There, we reviewed the prosecutor's statement during closing arguments that the defendant's admission that he kissed a fifteen year old child was sufficient by itself to obtain a conviction for child molesting by fondling and touching. We concluded that the prosecutor misstated the law, citing *DeBruhl* and noting that "kissing on the neck even coupled with removal of clothing is *not* sufficient to support a conviction for child molesting by fondling and touching because the intent element is not met." *McCoy*, 574 N.E.2d at 308.

*McCoy* should not be read to support the proposition that kissing and touching could never include the intent element. In *McCoy*, the prosecutor did not address whether the intent element was satisfied, but instead misrepresented that the act of kissing a child constituted child molesting without considering the intent of that act.

errors are predicated upon defense counsel's failure to object at three instances to the testimony of Blaine Butler, the investigating officer. We will consider each allegation in turn.

### A.

Initially, Nuerge contends that defense counsel should have objected to Butler's testimony regarding whether A.T.'s behavior was consistent with the behavior of other children who had been molested and whom Butler had interviewed. Butler testified as follows:

Q Based on your extensive experience in interviewing children, is [A.T.'s] behavior consistent with other children that you have interviewed that have been molested?

A Yes, I believe.

[Defense counsel]: I'd object, Judge, about her testimony as to whether or not she's tellin [sic] the truth. He's not allowed to say that.

[Prosecutor]: Judge, could I respond. There's voluminous case law on that that says that the witness can testify as far as based on his personal experience, if the behavior is consistent or not consistent....

BY THE COURT: The objection's overruled. You may answer the question, perhaps you have.

A In my opinion, it seemed as if she was telling the truth.

[Defense counsel]: Well, then, Judge, I'd object and move to strike....

[Prosecutor]: And I agree with [defense counsel], that's not what—

BY THE COURT: ——all right. That answer will be stricken and disregarded by the jury and you may rephrase your question.

[Prosecutor]: Okay. I'll re-ask it.

Q Trooper Butler, the question was based on your experience in interviewing children who had made previous allegations of molestation and I believe you testified that you've interviewed—participated in about five hundred cases or more, was [A.T.'s] behavior consistent with those children that you have interviewed previously who have been molested?

A Yes."

Record, pp. 143–144. Although defense counsel properly objected to Butler's vouching testimony, Nuerge argues that trial counsel was ineffective for failing to object to the last question on the basis that it constituted improper child sexual abuse syndrome evidence.

Again, our standard of review is very deferential toward counsel. The appellant has the burden to demonstrate that the evidence as a whole leads unmistakably and unerringly to the conclusion that defense counsel afforded ineffective assistance. *McCraney v. State*, 508 N.E.2d 798, 799 (Ind.1987). We are not satisfied that Nuerge met this burden.

Although we would generally begin with a discussion of whether a timely objection on the ground of improper child sexual abuse syndrome evidence would have been sustained,[4] we turn instead to whether defense

---

4. In support of his claim that the objection would have been have been sustained, Nuerge argues that Butler improperly testified that A.T. exhibited similar symptoms as those children who Butler had interviewed and who had been molested. Nuerge relies upon *Steward v. State*, 652 N.E.2d 490 (Ind.1995), *reh'g denied*, a case where the supreme court discussed whether expert evidence of child sexual abuse syndrome, profile or pattern is admissible in a child molest prosecution to prove that the molest occurred. After reviewing the approach taken by other states, the court held that the admissibility of child sexual abuse syndrome evidence in this state would be determined according to the requirements of Ind. Evidence Rule 702. *Id.* at 498. Under this

rule, expert scientific testimony is admissible only if "the scientific principles upon which the expert testimony rests are reliable." Evid.R. 702(b). The court noted the difficulty in satisfying the rule with this type of evidence because "the reliability of [child sexual abuse syndrome testimony] for the purpose of proving abuse is at present extremely doubtful and the subject of substantial and widespread repudiation by courts and scientists." *Steward*, 652 N.E.2d at 499.

As discussed above, we need not determine whether an objection would have been sustained. However, we note that neither party discussed whether Butler was qualified as an expert, whether Butler's testimony constituted evidence

counsel's failure to object fell below an objective standard of reasonableness. We believe not. Even assuming, *arguendo*, that the question was objectionable, it does not necessarily follow that the failure to object constitutes deficient performance. "[D]eliberate choices by some attorneys for some tactical or strategic reason do not establish ineffective assistance of counsel even though such choices may be subject to criticism or the choices ultimately prove to be detrimental...." *King v. State*, 598 N.E.2d 589, 593 (Ind.Ct.App.1992), *trans. denied.* We judge whether counsel's assistance was reasonable by looking to the surrounding facts at the time of counsel's performance. *Butler v. State*, 658 N.E.2d 72, 78 (Ind.1995).

Defense counsel made several objections aimed at preventing Butler from vouching for A.T.'s credibility by indicating that he believed A.T. was telling the truth. Counsel apparently satisfied this goal, even if perhaps he was premature in his initial effort. After voicing two objections to the State's questioning and allowing the question to be asked twice, counsel reasonably could have presumed it to be in his client's best interests not to object a third time on different grounds. At the very least, by objecting a third time, counsel may have annoyed the jury by belaboring this line of questioning and, at most, could have called unnecessary attention to the testimony. *See McCollum v. State*, 582 N.E.2d 804, 811 (Ind.1991), *reh'g denied.* Defense counsel's decision not to object to the response falls within the realm of a defense strategy. Because Nuerge has not demonstrated that counsel's performance fell below an objective standard of reasonableness, he has not established that counsel was ineffective.

### B.

Second, Nuerge argues that counsel was ineffective for failing to object to testimony that allegedly vouched for A.T.'s credibility. Again, because defense counsel did not object at trial, Nuerge must demonstrate that a proper objection would have been sustained by the trial court to succeed on his claim.

of child sexual abuse syndrome testimony and

*See Grigsby*, 503 N.E.2d at 396. Butler testified on direct as follows:

"Q   Okay. Could you describe for the jury [A.T.'s] demeanor when you were talking with her and taking her taped statement?

A   [A.T.'s] demeanor was very similar to what it was today. No eye contact whatsoever when I was talking to her. She appeared to be very forthwith with me, giving me a lot of information on what had actually taken place and being pretty specific as far as what had taken place and the information she was giving me."

Record, p. 143. Nuerge claims the statement that A.T. appeared to "be very forthwith" vouches for A.T.'s credibility. We disagree.

A witness is not permitted to testify regarding the credibility of another witness. *Stewart v. State*, 555 N.E.2d 121, 125 (Ind. 1990), *reh'g denied.* Only the jury can determine the weight to be given to the witness' testimony. *Id.; Nordstrom v. State*, 627 N.E.2d 1380, 1384 (Ind.Ct.App.1994), *trans. denied.*

We find Butler's statement that A.T. was "very forthwith" does not constitute vouching testimony. Rather than being a comment on A.T.'s credibility, the statement was more a comment on A.T.'s willingness to volunteer specific information about the incident. Butler's opinion that A.T. was willing to give specific information about the incident is not a direct reflection on whether Butler believed that she was telling the truth. Because Nuerge cannot demonstrate that a proper objection would have been sustained by the trial court, his ineffective assistance of counsel claim has no merit. *See Grigsby*, 503 N.E.2d at 396.

### C.

Finally, Nuerge claims that counsel was ineffective because he failed to object to Butler's testimony regarding his initial involvement with the case. Butler testified:

"Q   Okay. You've heard all the testimony that's been offered here in Court today.

whether, ultimately, *Steward* was applicable.

Can you just briefly tell us how you got involved in this case and what your first step was?

A Basically I got involved with the case after I received information that [A.T.] might have been molested by an individual. I had a difficult time, at first, getting a hold of her mother, trying to find where they were living at. *I finally found out, located them, talked to her mother on the phone, explained the situation as far as the allegations that I had heard about and asked her mother if the allegations, as far as she was concerned, was true and she said, yeah, I knew about those,* at which time I asked her if she would give me permission to talk to her child, to interview both of them. I gave a phone number where she could reach me back at after she talked to her child.... Received a call the following day ... and she said that her daughter was willing to talk with me...."

Record, pp. 141–142 (emphasis added). Nuerge contends that defense counsel should have objected to the emphasized portion of Butler's testimony because it constitutes both vouching testimony and inadmissible hearsay.

■ With respect to Nuerge's vouching claim, we note that Butler's testimony did not reflect on A.T.'s credibility as Nuerge claims. At most, Butler's testimony summarized A.T.'s mother's belief that A.T.'s allegations were true. As such, we are not persuaded that a proper objection on the basis of vouching would have been sustained by the trial court. Therefore, Nuerge's challenge has no merit to the extent that it relies upon vouching testimony.

■ Finally, we turn to Nuerge's claim that Butler's testimony constituted inadmissible hearsay and that counsel was ineffective for failing to object on such grounds. Hearsay is an out of court statement offered for the truth of the matter asserted. Ind. Evidence Rule 801(c). However, we find that Butler's testimony did not constitute hearsay.

Butler's testimony was elicited by the State as part of his explanation of how he became involved in the case. Butler provided a foundation of how he came to talk to A.T. and how he learned of the allegations.

Butler did not address the substance of A.T.'s allegation during this portion of his testimony, but merely recited the steps he took as he began his investigation.

We find that Butler's testimony was not offered to prove the truth of the matter asserted, but was offered to set the foundation of Butler's involvement with the case. Because the statement was not offered for the truth of the matter asserted, it did not constitute hearsay. *See Fleener v. State,* 648 N.E.2d 652, 656 (Ind.Ct.App.1995) (holding that a child molestation victim's mother's testimony that her daughter's revelations of abuse precipitated her divorce from the defendant did not constitute hearsay, but rather, was offered to explain to the jury why her marriage to the defendant had ended), *summarily affirmed in part, trans. granted in part on other grounds,* 656 N.E.2d 1140; *see also Heck v. State,* 552 N.E.2d 446, 451 (Ind. 1990), *cert. denied,* 507 U.S. 929, 113 S.Ct. 1308, 122 L.Ed.2d 696 (1993) (holding that a police officer's testimony about information he received during an investigation was not hearsay because it was offered to show why the officer's investigation took the turn that it did). Therefore, a proper objection would not have been sustained by the trial court and, accordingly, Nuerge has not demonstrated that counsel was ineffective for failing to object to the testimony.

IV.

In conclusion, we hold that the evidence is sufficient to support the finding that Nuerge acted with the specific intent to commit child molesting. We also hold that defense counsel did not render ineffective assistance. However, because Nuerge was convicted pursuant to the amended statute not in effect at the time the molest was committed, we reverse the class C felony child molesting conviction and remand to the trial court with instructions to enter a judgment and sentence for child molesting, a class D felony. Affirmed in part, reversed in part, and remanded with instructions.

RUCKER and BARTEAU, JJ., concur.