## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2018, 5:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer
Baldwin & Webb
Indianapolis, Indiana

Victoria L. Bailey
Marion County Public Defender Agency

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrew Kobe
Section Chief, Criminal Appeals

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

K.M.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

September 18, 2018

Court of Appeals Case No.
18A-JV-643

Appeal from the Marion Superior Court

The Honorable Gary Chavers, Judge Pro Tem

The Honorable Geoffrey Gaither, Magistrate

Trial Court Cause No.
49D09-1707-JD-1011

**Barteau, Senior Judge.**

# Statement of the Case

K.M. appeals his adjudication as a juvenile delinquent based upon a true finding for the offense of child molesting, a Level 4 felony if committed by an adult.[1]  We affirm.

# Issue

K.M. presents one issue for our review, which we restate as:  whether there was sufficient evidence to support the juvenile court's true finding for child molesting.

# Facts and Procedural History

In July 2017, Tytiaira Word returned home from work to find Z.W., her five-year-old son, in a chair with his legs in the air and with K.M., her husband's thirteen-year-old son, on top of him and in between Z.W.'s legs.  K.M. was holding Z.W. by the hips and performing a thrusting motion like "dry-humping."  Tr. Vol. II, p. 11.  Both boys had on basketball shorts but no shirts.  When Word asked the boys what they were doing, they jumped up.  At that point, Word could see that K.M.'s penis was erect.  When questioned, Z.W. cried and told his mother that he and K.M. were "doing nasty stuff."  *Id.* at 15.

Based upon this incident, the State filed a delinquency petition alleging that K.M. had committed two acts of child molesting as Level 3 felonies and two

---

[1] Ind. Code § 35-42-4-3(b) (2015).

acts of child molesting as Level 4 felonies. Following a fact-finding hearing, the court entered not true findings on all counts except one Level 4 offense and placed K.M. on probation.

# Discussion and Decision

K.M. contends the State failed to prove all the necessary elements of the offense of child molesting to support the court's true finding. When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the offense beyond a reasonable doubt. *C.L. v. State*, 2 N.E.3d 798, 800 (Ind. Ct. App. 2014); *see also* Ind. Code § 31-37-14-1 (1997) ("A finding by a juvenile court that a child committed a delinquent act . . . must be based upon proof beyond a reasonable doubt.").

When reviewing on appeal the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Z.A. v. State*, 13 N.E.3d 438, 439 (Ind. Ct. App. 2014). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *C.L.*, 2 N.E.3d at 800.

In order to make a true finding of delinquency against K.M. for child molesting, the State must have proved beyond a reasonable doubt that K.M. (1) with Z.W., a child under fourteen years of age, (2) performed or submitted to

fondling or touching of either the child or the older person, (3) with the intent to arouse or to satisfy the sexual desires of either the child or the older person. *See* Ind. Code § 35-42-4-3(b). It seems that K.M. challenges the State's evidence as to both the second and third elements.

[8] First, K.M. argues that the evidence is insufficient to establish that he performed or submitted to fondling or touching with Z.W. Initially we note that with regard to this particular element of the offense of child molesting, the plain language of Indiana Code section 35-42-4-3(b) requires simply a "touching" or "fondling."

[9] At the hearing, Word testified that she saw Z.W. in a chair with his legs in the air and that K.M. was on top of Z.W. and in between Z.W.'s legs. Word further testified that K.M. was holding Z.W. by the hips and performing a thrusting motion like "dry-humping" and that K.M. had an erection. Tr. Vol. II, p. 11. Although extremely reluctant to testify, Z.W., who was just six years old at the time of the hearing, nevertheless eventually testified that he was sitting in a chair and that K.M. got on top of him with K.M.'s body touching his body. In addition, Z.W. responded affirmatively when asked if any part of K.M.'s body was touching his "butt" when K.M. was on top of him. *Id.* at 50. Z.W. also later testified that K.M.'s body part was touching his "booty." *Id.* at 52. This evidence is sufficient to show that K.M. touched Z.W. *See, e.g.*, *Bass v. State*, 947 N.E.2d 456, 460 (Ind. Ct. App. 2011) (stating that Indiana Code section 35-42-4-3(b) does not require touching of a child's breasts or genitals but rather requires merely touching with intent to arouse or satisfy sexual desires

and finding sufficient evidence to sustain child molesting conviction where defendant rubbed victim's back and sides), *trans. denied*.

[10] Second, K.M. asserts the evidence is insufficient to establish that the touching or fondling was committed with the intent to arouse or satisfy his or Z.W.'s sexual desires. Although Indiana Code section 35-42-4-3(b) requires a touching, mere touching alone is not sufficient to constitute the crime of child molesting. *Davis v. State*, 956 N.E.2d 726, 730 (Ind. Ct. App. 2011), *trans. denied*. The State must also prove beyond a reasonable doubt that the defendant's act of touching was accompanied by the specific intent to arouse or satisfy sexual desires. *Id.* The intent element may be established by circumstantial evidence and may be inferred from the actor's conduct and the natural and usual sequence to which such conduct usually points. *Id.*

[11] Z.W. testified that he was in a chair, that K.M. got on top of him, and that K.M.'s body part was touching his butt or booty. Word provided more details, testifying that K.M. was in between Z.W.'s legs and was thrusting or humping while holding onto Z.W.'s hips. Word also testified that K.M. had an erection. One may reasonably infer from this evidence that K.M. acted with the intent to arouse or satisfy his sexual desires and that he did in fact become aroused. This evidence is sufficient to support the intent element of child molesting.

[12] K.M.'s argument that the evidence fails to support the adjudication because Z.W. did not define the term "booty" or specify K.M.'s body part and did not testify to K.M.'s erection is merely an invitation to reweigh the evidence and

judge witness credibility, which we will not do. *See Z.A.*, 13 N.E.3d at 439. Word clearly and unequivocally explained what she saw when she arrived home from work. Although corroborated by Z.W.'s testimony, Word's testimony alone is sufficient to support the adjudication of delinquency in this case. *See T.G. v. State*, 3 N.E.3d 19, 23 (Ind. Ct. App. 2014) (uncorroborated testimony of a single witness may suffice to sustain delinquency adjudication), *trans. denied*.

[13] Moreover, K.M. attempts to dismiss Word's testimony as motivated by jealousy about the relationship between K.M.'s mother and Word's husband, who is K.M.'s father. The trial court was informed about the animosity that exists between Word and K.M.'s mother, and the court heard and saw Word and K.M.'s mother testify. This is yet another invitation to judge the credibility of the witnesses, and we cannot accept. *See Z.A.*, 13 N.E.3d at 439.

# Conclusion

[14] For the foregoing reasons, we conclude the State presented sufficient evidence beyond a reasonable doubt to establish that K.M. committed an act that, if he were an adult, would constitute child molesting, a Level 4 felony.

[15] Affirmed.

Riley, J., and Kirsch, J., concur.