# FOR PUBLICATION



**FILED**
Jul 07 2014, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| Z.A., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1311-JV-973 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Geoffrey A. Gaither, Magistrate
Cause No. 49D09-1308-JD-2515

**July 7, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Z.A. appeals the juvenile court's adjudication that he committed the delinquent act of theft, as a Class D felony if committed by an adult. Z.A. presents a single issue for our review, namely, whether the State presented sufficient evidence to support the delinquency adjudication.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2013, Z.A. and a few of his friends went to the home of Z.A.'s mother, M.A. Once inside, Z.A. picked up a television and started to leave with it. M.A. and Z.A. had bought the television together, with M.A. paying $185 and Z.A. paying $15 of the purchase price. M.A. told Z.A. that he could not take the television, but he took it anyway and left with his friends. M.A. drove after them and called the police to report a theft.

Indianapolis Metropolitan Police Department Officer Glen Geisser responded to the call and observed the two vehicles described by the dispatcher come to a stop. Officer Geisser then saw a young man, later identified as Z.A., and another person get out of one of the stopped vehicles and run from the scene. M.A. then got out of her vehicle and retrieved the television from the other vehicle.

Officer Geisser activated the lights and siren on his police car and pursued Z.A. and his friend, who were still on foot. Officer Geisser used the loud speaker to order them to stop, but they continued, and Officer Geisser got out of his car and pursued them on foot. Ultimately, Officer Geisser commanded Z.A. to stop, and he complied.

The State filed delinquency petitions against Z.A. for theft, as a Class D felony if committed by an adult, and resisting law enforcement, as a Class A misdemeanor if committed by an adult. The State also alleged that Z.A. had violated the terms of his probation in another cause. After a fact-finding hearing, the court entered true findings on the State's petitions. This appeal ensued.

## DISCUSSION AND DECISION

Z.A. challenges the sufficiency of the evidence supporting his adjudication as a delinquent for theft.[1] When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of that crime beyond a reasonable doubt. A.E.B v. State, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). When reviewing the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. Id. We consider only "the evidence of probative value and the reasonable inferences that support the determination." Id.

To prove theft, as a Class D felony if committed by an adult, the State had to prove that Z.A. knowingly or intentionally exerted unauthorized control over the property of another person, with intent to deprive the other person of any part of its value or use. See Ind. Code § 35-43-4-2. Indiana Code Section 35-43-4-1 provides in relevant part:

> (a) As used in this chapter, "exert control over property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property.
>
> (b) Under this chapter, a person's control over property of another person is "unauthorized" if it is exerted:

---

[1] Z.A. does not appeal the juvenile court's other adjudications.

3

(1) without the other person's consent;

(2) in a manner or to an extent other than that to which the other person has consented. . . .

And Indiana Code Section 35-31.5-2-253(b) provides that property is that "of another person" if the other person has a possessory or proprietary interest in it, even if an accused person also has an interest in that property. The application of these statutes to a prosecution for theft of shared property is a question of first impression.

Z.A. contends that the undisputed evidence shows that he and M.A. were co-owners of the television and merely had a disagreement over whether he could take it from M.A.'s house. Indeed, M.A. acknowledged that she and Z.A. had a "disagreement between owners of the TV set about where it should be[.]" Tr. at 6. And, while M.A. testified that the television was hers, she stated that she and Z.A. "went in half on the TV."[2] Id. at 5. Finally, M.A. testified, "I guess he felt like with him putting $15 towards it, he could remove it from the house." Id.

The State maintains that, because M.A. had paid 93% of the purchase price of the television and it was at her house, she had "a controlling interest" in the television. Appellee's Br. at 7. In support of that contention, the State points out that M.A. testified that she believed that the television was hers because she had "put the majority of the money down" to buy it. Tr. at 6. And she told Z.A. that he did not have her consent to take it from her house.

But, critically, the State did not present any evidence that M.A. and Z.A. had an understanding that she had a controlling interest in the television or that the television

_____

[2] It appears that, in making this statement, M.A. had something in mind other than the amount she and Z.A. respectively spent to purchase the television.

4

was to remain at her house at all times. And the State's reading of the relevant statutes is equally applicable between M.A. and Z.A. That is, the evidence shows that M.A. denied Z.A. his rights to the shared property just as much as Z.A. denied M.A. her rights. If the State's argument on appeal is correct, then no matter what happened in light of the disagreement, someone committed a theft. That does not strike this court as a tenable interpretation of our criminal code. The legislature did not intend to criminalize bona fide contract disputes. Long v. State, 935 N.E.2d 194, 197 (Ind. Ct. App. 2010), trans. denied. Here, where the jointly owned tangible personal property is indivisible, there is no agreement between the co-owners on the right to use the property, and the ownership is not exclusive, we cannot say that the State has proven the unauthorized control element of theft beyond a reasonable doubt.

In sum, the undisputed evidence shows that, while M.A. paid more for the television than Z.A., they considered themselves co-owners of the property. There is no evidence that M.A. owned the property to the exclusion of Z.A., or that M.A. and Z.A. had agreed that M.A. would have a greater right to possession of the property than Z.A. Thus, the State did not present sufficient evidence that Z.A. exerted unauthorized control over the television when he took it from M.A.'s house. We reverse Z.A.'s adjudication for theft.

Reversed.

VAIDIK, C.J., and BROWN, J., concur.