## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 28 2015, 8:39 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David Becsey
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey Cowart,<br><br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Plaintiff.* | May 28, 2015<br><br>Court of Appeals Case No.<br>49A02-1410-CR-697<br><br>Appeal from the Marion Superior Court<br><br>Lower Court Cause No.<br>49G02-1405-FC-26897<br><br>The Honorable Marc T. Rothenberg, Judge<br><br>The Honorable Amy Barber, Magistrate |

**Pyle, Judge.**

# Statement of the Case

Jeffrey Cowart ("Cowart") appeals his conviction, following a jury trial, for Class C felony intimidation.[1] On appeal, he claims that the evidence was insufficient to support his conviction because there is no proof that he threatened anyone in response to a prior lawful act. Concluding that Cowart's arguments on appeal are an invitation to reweigh the evidence, we affirm his conviction.

We affirm.

# Issue

Whether sufficient evidence supports Cowart's conviction.

# Facts

On May 22, 2014, Cowart accompanied Prashant Patel ("Patel") to the Hix Wrecker Service lot ("tow yard"). Patel's car had been towed to Hix, and Cowart had some of his belongings in the car. At the tow yard, Gail Neal ("Neal"), a vice president of the tow yard, told Patel and Cowart that only Patel, as owner of the car, was allowed to go into the secured lot to retrieve

---

[1] IND. CODE § 35-45-2-1. We note that, effective July 1, 2014, a new version of the intimidation statute was enacted and that Class C felony intimidation is now a Level 5 felony. Because Cowart committed his crime in May 2014, we will apply the statute in effect at that time. In addition to his intimidation conviction, Cowart was also adjudicated as an habitual offender, *see* IND. CODE § 35-50-2-8, but he does not challenge this adjudication on appeal.

items from the car. An employee, John Rybolt ("Rybolt") accompanied Patel into the secured lot while Cowart remained behind in the office area.

[5] Cowart started acting "quite rowdy," walked to the gate by the secured lot, and tried to squeeze through the gate. (Tr. 170). After an employee yelled at Cowart to move away from the gate, he walked back to the office area. Around that same time, a tow truck driver, Russell Burnett ("Burnett") returned from a run and walked to the office area. Burnett, who was about four to six feet from Cowart, heard Cowart say the word "bitch[.]" (Tr. 105). Burnett then asked Cowart, "[E]xcuse me, were you calling me a bitch[?]" (Tr. 105). Cowart then reached into his pocket, pulled out a knife, opened the blade, and pointed it toward Burnett.

[6] Rybolt and Patel returned to the office area to see Cowart pointing the knife at Burnett. Burnett took out his own knife but did not open it. Other Hix employees heard the yelling and came to the office area to investigate the commotion. Tow truck driver Ronald Jones ("Jones") saw Cowart screaming at Burnett, Rybolt, and Neal. Patel tried to calm Cowart down and was able to get him into a car briefly. However, Cowart exited the car and started swinging the knife at Jones while yelling, "I'll just kill you guys, I ain't afraid, I been to prison twice, I don't care, I can go back in, it's not a big deal." (Tr. 132, 178). Neal went back into her office to retrieve a handgun, and another Nix employee called 911.

Police cars were approaching the tow yard, and Cowart was backing away from the employees while still yelling and swinging his knife. Cowart eventually put his knife away and repeated that he had already killed two people and told Burnett that he was going to stab him. Officer Tara Vandeman ("Officer Vandeman") with the Indianapolis Metropolitan Police Department arrived, and Jones told her that Cowart had a knife in his pocket. Officer Vandeman ordered Cowart to keep his hands up, but he began to lower them. The officer then drew her gun, repeated her order, and Cowart put his hands up. She removed the knife from his pocket and put him in handcuffs. A few moments later, an assisting officer arrived and helped separate everyone involved. Cowart was overheard saying that the Hix employees "were lucky that he did not have a gun or he would have killed all of those mother f****ers." (Tr. 79).

On May 27, 2014, the State charged Cowart with Class C felony intimidation. The State also alleged that he was an habitual offender. The trial court held a jury trial on August 28, 2014, and the jury found Cowart guilty as charged. He later admitted that he was an habitual offender.

Thereafter, the trial court imposed a four (4) year sentence for his intimidation conviction and enhanced it by an additional four (4) years for his habitual offender adjudication, for an aggregate sentence of eight (8) years. The trial court ordered that Cowart serve his the first three (3) years of his aggregate sentence in the Department of Correction and the remaining five (5) years in community corrections. Cowart now appeals.

# Decision

[10] Cowart argues that the evidence was insufficient to support his conviction for intimidation.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [jury's verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

[11] A defendant commits intimidation as a Class C felony when he communicates a threat to commit a forcible felony[2] against another person with the intent that the person be placed in fear of retaliation for a prior lawful act and does so while drawing or using a deadly weapon. IND. CODE § 35-45-2-1(a)(2),

---

[2] A "forcible felony" is "a felony that involves the use or threat of force against a human being, or in which there is imminent danger of bodily injury to a human being." IND. CODE § 35-31.5-2-138.

(b)(2)(A). In order to convict Cowart of Class C felony intimidation, as charged, the State was required to prove beyond a reasonable doubt that Cowart communicated a threat to commit a forcible felony against Burnett, Jones, and/or Neal, i.e., threatened to kill them, with the intent that they be placed in fear of retaliation for the prior lawful act of "keeping [Cowart] out of a restricted part of the [tow yard] property[,]" and that he made this threat while drawing or using a deadly weapon. (App. 17). To establish intimidation, the State must specifically identify a legal act by the victim and "establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act." *Casey v. State*, 676 N.E.2d 1069, 1072 (Ind. Ct. App. 1997).

[12] Cowart does not dispute that he threatened Burnett, Jones, or Neal. Nor does he dispute that there was a prior lawful act of refusing to let him go into the tow yard. Instead, he contends that the evidence was insufficient to show that the threats he made were done in retaliation for that specific prior lawful act. Specifically, regarding Burnett and Jones, he contends that his wielding of a knife and threatening to stab or kill the men were not linked to an "identifiable prior act." (Cowart's Br. 8). In addition, he acknowledges that Neal was the person who did the prior lawful act, i.e., telling him that he could not go into the tow yard, but he contends that the evidence does not show that he "did or said anything to [her] because she told him he could not go out in the impound yard." (Cowart's Br. 10).

[13]    The State contends that Cowart's "threatening words and actions were directed toward the employees of Hix Wrecker Services, individually and collectively[,] because he was prevented from going into a secured area to retrieve his belongings." (State's Br. 8-9). The State argues that "[t]he evidence supports the strong inference that [Cowart's] threats were a direct response, and in retaliation for, Neal's preventing him from going back to the car in the secured area of the tow yard." (State's Br. 5-6). We agree with the State.

[14]    Here, the evidence reveals that Cowart became angry after Neal told him that he was not allowed to go into the secured area of the tow yard with Patel. After Cowart was prevented from trying to squeeze through the gate, he became angry, took out a knife, and started swinging it at the Hix employees while threatening to stab and kill them. Cowart attempts to rely on *Casey* and *C.L. v. State*, 2 N.E.3d 798 (Ind. Ct. App. 2014) to support his argument that there is no evidence of retaliation for a prior legal act. However *Casey* is distinguishable. In that case, we vacated Casey's conviction because the State failed to specify the victim's prior lawful act in its charging information. *Casey*, 676 N.E.2d at 1073. In addition, *C.L.* is also distinguishable. In that case, we vacated the conviction because the threats were for *future* acts, not a prior lawful one. *C.L*, 2 N.E.3d at 801. Here, Cowart's threats and wielding of a knife took place after Neal denied him access to the secured part of the tow yard. A reasonable person could infer that Cowart's actions and threats were made to place Burnett, Jones, and/or Neal in fear of retaliation for denying him access.

Cowart's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Drane*, 867 N.E.2d at 146.

[15] Because there was probative evidence from which the jury could have found Cowart guilty beyond a reasonable doubt of Class C felony intimidation, we affirm his conviction. *See, e.g.*, *H.J. v. State*, 746 N.E.2d 400, 404 (Ind. Ct. App. 2001) (finding sufficient evidence to sustain intimidation conviction, where defendant threatened victim after victim reported defendant to school authorities for making a hit list).

[16] Affirmed.

Crone, J., and Brown, J., concur.