## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Mark F. James
Anderson Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

T. D. G.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 30, 2015

Court of Appeals Case No. 71A04-1411-JV-528

Appeal from the St. Joseph Probate Court.

The Honorable James N. Fox, Judge.

The Honorable Joel R. Gabrielse, Magistrate.

Cause No. 71J01-1406-JD-264

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Respondent, T.D.G., appeals his adjudication as a juvenile delinquent for the offense of robbery, which would be a Class C felony if committed by an adult.

We affirm.

## ISSUE

T.D.G. raises one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence to support his adjudication as a delinquent child.

## FACTS AND PROCEDURAL HISTORY[1]

On the evening of June 29, 2014, J.G. was riding his bicycle—a green Mongoose with a pink tire—home from Mezzei's store in South Bend, St. Joseph County, Indiana. At that time, sixteen-year-old T.D.G. and his friends, C.A., O.J., and D.W., were walking to Mezzei's together. Prior to this evening, J.G. and C.A. had experienced a long history of not getting along. Thus, upon seeing C.A. and the rest of the group walking toward him, J.G. steered his bicycle in the opposite direction and pedaled faster to avoid any

---

[1] We note that T.D.G.'s appellate brief does not contain a statement of the facts relevant to the issues presented for review. Ind. Appellate Rule 46(A)(6). Rather, his statement of facts is merely a recitation of the course of the proceedings. We would remind parties that compliance with the appellate rules is essential for our court's efficient review.

interaction with them. However, O.J. immediately began chasing J.G., and the other boys followed.

[5] As the pursuit ensued down Indiana Avenue, J.G. observed his uncle's vehicle parked alongside the street, so he abandoned his bicycle in a nearby field and took shelter in his uncle's unlocked vehicle. O.J. and the others quickly caught up to J.G., and because his uncle was not present, J.G. exited the vehicle. O.J. retrieved J.G.'s bicycle as T.D.G. and C.A. approached J.G. With a closed fist, T.D.G. punched J.G. on the left side of his face. Then, C.A. punched him directly in the mouth, causing J.G.'s tooth to pop out of his mouth. When J.G. knelt down to pick up his tooth, T.D.G. kicked him in the side. J.G. announced that he was going to call the police, so T.D.G. and O.J. rode away on J.G.'s bicycle while C.A. and D.W. ran away on foot. While waiting for the police, J.G. briefly searched the area in an attempt to find his bicycle, but he never recovered it.

[6] On July 8, 2014, the State filed a petition alleging T.D.G. to be a delinquent child because he committed the offense of robbery, which would be a Class C felony if committed by an adult, Ind. Code § 35-42-5-1 (2013).[2] In particular the State charged that T.D.G. "did knowingly or intentionally take . . . a bicycle from the person or presence of [J.G.], by using or threatening the use of force."

_____

[2] As of July 1, 2014, the crime of robbery, if committed by an adult, is a Level 5 felony and is punishable with a sentence of one to six years. I.C. §§ 35-42-5-1; 35-50-2-6(b) (2014). Because T.D.G. committed his offense two days before the effective date of the revised criminal code, he was charged under the prior version, which provides that robbery is a Class C felony.

(Appellant's App. p. 3). On September 9, 2014, the trial court held a fact-finding hearing. At the close of the evidence, the trial court adjudicated T.D.G. to be a delinquent child. On October 14, 2014, the trial court conducted a dispositional hearing. The trial court ordered T.D.G. to be placed on strict and indefinite probation, with conditions including, in part, electronic home monitoring and participation in a day reporting program.

[7] T.D.G. now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] T.D.G. claims that the State presented insufficient evidence to support his delinquency adjudication for robbery. "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child commits an act that would be an offense if committed by an adult." I.C. § 31-37-1-2. In order for a juvenile to be adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State is required to prove every element of that crime beyond a reasonable doubt. *Z.A. v. State*, 13 N.E.3d 438, 439 (Ind. Ct. App. 2014). When reviewing the sufficiency of evidence supporting a juvenile adjudication, we do not reweigh evidence or assess the credibility of witnesses, and we will consider only "the evidence of probative value and the reasonable inferences that support the determination." *Id.*

[9] In order to establish the offense of robbery as a Class C felony, the State must prove that T.D.G. knowingly or intentionally took property from J.G. or from the presence of J.G. by using or threatening the use of force on any person or by

putting any person in fear. *See* I.C. § 35-42-5-1 (2013). T.D.G. asserts that C.A. "had a beef with [J.G.] and wanted to fight [J.G.]. [C.A.] did in fact strike [J.G.]. There is no evidence of any intent to take property from [J.G.]." (Appellant's Br. p. 3). T.D.G. further argues that "[a]t trial, there were different versions of what happened[,] . . . [but] [n]ot one of [T.D.G.'s] witnesses testified that they saw T.D.G. touch the property belonging to [J.G.] or take any property belonging to [J.G.]." (Appellant's Br. p. 3). Thus, T.D.G. posits that his adjudication must be reversed because he "did not perform any act in the furtherance of the crime of robbery." (Appellant's Br. p. 4). We disagree.

[10]   It is well established that "[t]he uncorroborated testimony of one witness may be sufficient by itself to sustain an adjudication of delinquency on appeal." *J.D.P. v. State*, 857 N.E.2d 1000, 1009 (Ind. Ct. App. 2006), *trans. denied*. During the fact-finding hearing, J.G. testified that he recognized T.D.G. and C.A. when he saw them walking down the street, and he diverted his direction in order to avoid any type of confrontation based on his past history with C.A. Nevertheless, after T.D.G. and his cohorts chased J.G. down, O.J. held onto J.G.'s bicycle as T.D.G. and C.A. punched and kicked J.G., causing J.G. to lose a tooth. J.G. then testified that he watched as T.D.G. and O.J. rode away on his bicycle, which was the last time he saw his bicycle. Conversely, O.J., D.W., and C.A. provided inconsistent accounts of the event, and the trial court specifically discredited their testimony. Instead, the trial court stated, "I do believe [J.G.'s] version of events, I do not believe the contrary multiple versions of events, and I do not find that they are consistent on the key factors." (Tr. p.

97).  Accordingly, we find that T.D.G.'s argument amounts to a request that we reassess the credibility of the witnesses to find in his favor, which we decline to do.  Based on J.G.'s testimony, we conclude that there is sufficient evidence to support T.D.G.'s adjudication as a juvenile delinquent.

## CONCLUSION

[11]  Based on the foregoing, we conclude that the State presented evidence beyond a reasonable doubt to support T.D.G.'s adjudication as a juvenile delinquent.

[12]  Affirmed.

[13]  Bailey, J. and Barnes, J. concur