## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 06 2016, 8:44 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

Alexander Van Gorp
Certified Legal Intern
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

G.I.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

January 6, 2016

Court of Appeals Case No.
49A05-1504-JV-166

Appeal from the Marion Superior Court.
The Honorable Geoffrey Gaither, Magistrate.
Cause No. 49D09-1501-JD-27

**Friedlander, Senior Judge**

[1] G.I. appeals her adjudication as a juvenile delinquent based upon a true finding for the offense of receiving stolen auto parts, a Level 6 felony if committed by an adult.[1] We reverse.

[2] G.I. presents one issue for our review, which we restate as: whether there was sufficient evidence to support her juvenile delinquency adjudication for receiving stolen auto parts.

[3] On December 28, 2014, India Simms' silver Monte Carlo automobile was stolen. Two days later on December 30, 2014, M.B. asked her friend P.D. to hang out and ride with M.B. when she drove her cousins to a party. P.D. agreed, and M.B. arrived to pick up P.D. driving a silver car in which G.I. was a passenger. At some point after picking up P.D., M.B. stopped the car and got in the back seat with P.D. while G.I. drove. Due to a non-illuminated headlight, Officer Rabensteine initiated a traffic stop on the silver Monte Carlo being driven by G.I. He also performed a check of the license plate on the Monte Carlo, which showed that the plate was stolen. Before Officer Rabensteine exited his car, a door of the Monte Carlo opened, and M.B. and P.D. fled from the car. Another officer chased M.B. and P.D. while Officer Rabensteine approached the car to speak with G.I., who had remained in the car. Officer Rabensteine performed a check of the Monte Carlo's VIN, which showed that the car was stolen, and G.I. was arrested.

---

[1] Ind. Code § 35-43-4-2.5 (c) (2014).

[4]     The State filed a delinquency petition alleging that G.I. had committed the offense of receiving stolen auto parts, a Level 6 felony if committed by an adult. Following a fact-finding hearing, the juvenile court entered a true finding. G.I. was placed on formal probation, and this appeal followed.

[5]     G.I. contends the State failed to prove that she knew the car was stolen. When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the offense beyond a reasonable doubt. *C.L. v. State*, 2 N.E.3d 798 (Ind. Ct. App. 2014). When reviewing on appeal the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Z.A. v. State*, 13 N.E.3d 438 (Ind. Ct. App. 2014). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *C.L.*, 2 N.E.3d 798.

[6]     In order to make a true finding of delinquency against G.I. for receiving stolen auto parts, the State must have proved beyond a reasonable doubt that G.I. (1) knowingly or intentionally (2) received, retained, or disposed of (3) Simms' silver Monte Carlo (4) that had been the subject of theft. *See* Ind. Code § 35-43-4-2.5 (c). In addition to proving the explicit elements of the crime, the State must also prove beyond a reasonable doubt that the person knew the property was stolen. *Fortson v. State*, 919 N.E.2d 1136 (Ind. 2010). Knowledge that property is stolen may be established by circumstantial evidence; however, such

knowledge may not be inferred solely from the unexplained possession of recently stolen property. *Id.*

[7] Simms testified at the fact-finding hearing that her silver Monte Carlo was stolen while it was running with the keys in the ignition. She also testified that the car was damaged prior to it being stolen, including damage to the driver's side and the front bumper and that there was further damage when her car was returned to her, including ashes and food on the inside, damaged air vents, paint scratches on one side, and a door not closing completely. P.D. testified that M.B. contacted her to "come and chill" and ride with her when she took her cousins to a party. Tr. p. 12. M.B. was driving G.I. and another girl when they picked up P.D. in a two-door gray car that P.D. had not seen before. At some point, M.B. and P.D. got into the back seat together, and G.I. drove. The fourth girl was dropped off before they were stopped by Officer Rabensteine. P.D. testified that when they were pulled over, M.B. suggested they run, and she followed M.B. P.D. further testified that she did not know who owned the car. Officer Rabensteine testified that M.B. told him that P.D. had stated the car belonged to her. M.B. did not testify at the fact-finding hearing.

[8] Here, it is reasonable to infer from the evidence presented at the fact-finding hearing that G.I. believed the car to belong to M.B. Teenagers driving a used car and/or one that is messy and has bumps and scrapes is not unusual. Further, the evidence shows the car was stolen with the keys in it, and there was no evidence presented of any damage to the steering column or other components which would be indicative of a stolen vehicle. Moreover, G.I. did

not flee when the car was stopped by Officer Rabensteine. From this evidence we determine that the circumstances do not support a reasonable inference that G.I. knew, beyond a reasonable doubt, that the car she drove only briefly was stolen. We therefore conclude that the evidence presented to support G.I.'s delinquency adjudication was not sufficient.

[9] Reversed.

[10] Riley, J., and Bradford, J., concur.