## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 11 2019, 7:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

C.M.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

July 11, 2019

Court of Appeals Case No.
18A-JV-2821

Appeal from the Marion Superior Court

The Honorable Marilyn Moores, Judge

The Honorable Gary Chavers, Magistrate

Trial Court Cause No.
49D09-1804-JD-408

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, C.M., appeals his adjudication that would constitute child molesting, a Level 3 felony, Ind. Code § 35-42-4-3(a), if committed by an adult.

We affirm.

# ISSUE

C.M. presents one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his adjudication as a delinquent.

# FACTS AND PROCEDURAL HISTORY

In the spring of 2017, sixteen-year-old C.M., a freshman at North Central High School in Indianapolis, Indiana, met twelve-year-old M.K., a seventh-grade student at Northview Middle School, through social media. Around that time, C.M. would go to Northview Middle School for additional tutoring after school for a couple of hours.

C.M. and M.K. communicated mainly through text messages and social media apps like "Kik." (Transcript Vol. II, p. 102). C.M. and M.K. eventually met in person one afternoon at Northview when C.M. was present for tutoring and M.K. had gone to retrieve a pass from a teacher. C.M. knew that M.K. was a student at Northview, but he did not know what grade she was in. In April of

2017, M.K. told C.M. via text message that she was thirteen years old even though she was twelve years old.

[6] On May 18, 2017, M.K. stayed after school because she believed there was a Girls Club meeting, but it turned out the meeting had been cancelled. On the same day, while hanging out with her friend at the Northview gym, M.K.'s friend grabbed M.K.'s cellphone and texted C.M. to come meet them since they were bored. Shortly after C.M. met M.K. and her friend in the gym, M.K. left to use the restroom but C.M. followed her to a bathroom stall. Once inside, C.M. removed his clothes and M.K.'s clothes, and then C.M. had sexual intercourse with M.K.

[7] Sometime after M.K. had intercourse with C.M., M.K. fell ill for several weeks. When M.K. appeared not to be getting any better, M.K.'s mother had M.K. take a pregnancy test, which indicated a positive result. M.K.'s mother and step-father thereafter contacted the Indianapolis Police Department and reported the incident. On July 19, 2017, the police obtained a statement from M.K., and in July 2017, M.K.'s forensic interview was conducted. On January 24, 2018, M.K. gave birth to a baby boy. Following issuing of a search warrant, a buccal swab was obtained from C.M., and it was established that C.M. was the father of M.K.'s baby.

[8] On April 9, 2018, the State filed a Petition Alleging Delinquency, claiming that C.M. had committed Level 3 felony child molesting, if committed by an adult. C.M. admitted that he had sexual intercourse with M.K., but his defense was

that he reasonably believed M.K. was at least fourteen years or older at the time of the incident. In support, C.M. testified that M.K. told him via text message in April 2017 that she was fifteen years old, and he only found out she was younger when "some kids" from Northview told him at a football game two weeks after he had sexual intercourse with M.K. that M.K. was younger than fifteen. (Tr. Vol. II, p. 97). C.M. also relied on a still image of M.K. from a video taken in July of 2017 that made him believe that she was at least fourteen years old. On the other hand, M.K. testified that she told C.M. through text in April 2017 that she was thirteen years old. Neither of the alleged text messages were able to be retrieved because C.M. and M.K. were communicating via Kik, a mobile phone app that deletes all messages as soon as the user logs out of the application. Also, another student at Northview, K.C., testified that M.K. informed her at different points in time that she was thirteen years old in the sixth grade, fourteen years old in the seventh grade, and fifteen years old in the eighth grade. Notwithstanding K.C.'s knowledge of how old M.K. was, K.C. stated that she never had any discussions with C.M. regarding M.K.'s age.

[9] On August 8, 2018, the juvenile court conducted a denial hearing. On August 13, 2018, the juvenile court adjudicated C.M. as a delinquent and entered the following finding:

> The [c]ourt now finds that the State did meets its burden . . . beyond a reasonable doubt and show a true finding to the one [C]ount of child molesting. The [c]ourt finds that the State did meet all elements. The defense was basically a mistake of fact. The [c]ourt's convinced that he knew how old this child was. [M.K.] testified to what she said. Yes, there was inconsistencies,

> but when I weighed the creditability [sic] of the witnesses and the
> fact that [C.M.] went over from a high school to a middle school
> and - and the incident of the child molest occurred in a middle
> school bathroom that the State did meet its burden. So, there
> will be a true finding to the [C]ount of child molest.

(Supplemental Tr. p. 4). At a disposition hearing on October 29, 2018, the juvenile court ordered C.M. to be placed on probation with certain conditions, with a suspended commitment to the Department of Correction.

C.M. now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

When the State seeks to have a juvenile adjudicated a delinquent for committing an act that would be a crime if committed by an adult, the State must prove every element of the offense beyond a reasonable doubt. *C.L. v. State*, 2 N.E.3d 798, 800 (Ind. Ct. App. 2014). When reviewing on appeal the sufficiency of the evidence supporting a juvenile adjudication, we neither reweigh the evidence nor judge the credibility of the witnesses. *Z.A. v. State*, 13 N.E.3d 438, 439 (Ind. Ct. App. 2014). We consider only the evidence most favorable to the judgment and the reasonable inferences therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. *C.L.*, 2 N.E.3d at 800.

In order to make a true finding of delinquency against C.M. for Level 3 felony child molesting, the State was required to prove beyond a reasonable doubt that

C.M. knowingly or intentionally performed or submitted to sexual intercourse with M.K., a child under fourteen years of age. I.C. § 35-42-4-3(a). It is undisputed that C.M. had sexual intercourse with M.K. in a bathroom stall at Northview Middle School. C.M.'s defense at his denial hearing was that he reasonably believed M.K. was fourteen years of age or older.

## II. *Reasonable Belief Defense*

[13] C.M. argues that the State failed to rebut his reasonable belief defense beyond a reasonable doubt, and therefore, we should reverse his true finding for Level 3 felony child molesting. C.M. relies on three pieces of evidence to support his claim that he reasonably believed M.K. to be at least fourteen years or older at the time of the incident, namely: (1) his testimony that M.K. allegedly told him she was fifteen years old sometime in the spring of 2017, (2) K.C.'s testimony, a fellow schoolmate of M.K., that M.K. informed her that she was fourteen years old while in the seventh grade, and (3) a still image of M.K. from a video taken in July of 2017 that made him believe that M.K. was at least fourteen years old.

[14] It is a defense to child molesting that the defendant reasonably believed the victim to be fourteen years of age or older. *T.M. v. State*, 804 N.E.2d 773, 774-75 (Ind. Ct. App. 2004). "Such a defense admits all the elements of the crime but proves circumstances that excuse the defendant from culpability." *Weaver v. State*, 845 N.E.2d 1066, 1069 (Ind. Ct. App. 2006), *trans. denied*. To invoke the defense, C.M. must prove by a preponderance of the evidence that he reasonably believed M.K. was at least fourteen years old when he molested her.

*See id.* (noting that when a defense addresses only culpability, the defendant's burden is to prove the defense by a preponderance of evidence).

[15] The State relied on several pieces of evidence to rebut C.M.'s reasonable belief defense. The first was M.K.'s unequivocal testimony that she told C.M. in April of 2017 via a text message that she was thirteen years old even though she was twelve years old. The State was also able to establish through the questioning of K.C., M.K.'s fellow schoolmate at Northview, that while she believed M.K. was fourteen years old in 2017, at no point did K.C. communicate M.K.'s age to C.M.

[16] It is for the trier of fact to resolve conflicts in the evidence. *Kilpatrick v. State*, 746 N.E.2d 52, 61 (Ind. 2001). In the present case, the juvenile court chose to believe M.K.'s testimony that she had informed C.M. in April 2017 that she was thirteen. The sexual intercourse between C.M. and M.K. occurred in May 2017. Moreover, we find C.M.'s argument that M.K. was fifteen years old was more believable, is an implicit request for this court to reweigh the evidence and reassess witness credibility, which we will not do. *Smart v. State*, 40 N.E.3d 963, 966 (Ind. Ct. App. 2015).

[17] Based on the evidence, the juvenile court could have reasonably determined that C.M. failed to sustain his burden of proof of establishing that he reasonably believed M.K. to be at least fourteen years old at the time of the sexual intercourse. Accordingly, we hold that the State presented sufficient evidence

beyond a reasonable doubt to support the juvenile court's true finding of delinquency.

## CONCLUSION

[18] C.M. failed to satisfy his burden of proving he reasonably believed M.K. was at least fourteen years old when he had sexual intercourse with her, and therefore, we conclude that the State produced sufficient evidence beyond a reasonable doubt to sustain C.M.'s adjudication for committing an act that would constitute Level 3 felony child molesting if committed by an adult.

[19] Affirmed.

[20] Bailey, J. and Pyle, J. concur